## Case No. 3,004.

### In re COLLINS.

[8 Ben. 59.][1]

District Court, E. D. New York. March, 1875.[2]

CHATTEL MORTGAGE—TIME OF FILING.

A chattel mortgage executed and delivered without fraud for purchase money, not filed as required by the law of the state before the filing of a petition in bankruptcy, but filed prior to the appointment of an assignee, and when there were no judgments against the bankrupt, is sufficient to give a lien upon the mortgaged property which must be recognized by the bankruptcy court in disposing of the proceeds of the mortgaged property.

[In bankruptcy. In the matter of Charles Collins.]

F. E. Dana, for petitioners.
John Brodhead, for assignee.

BENEDICT, District Judge. The recent determination of the supreme court of the United States in regard to the effect of the bankrupt law seems to justify the position taken on behalf of the petitioners that their chattel mortgage, having been executed and delivered without fraud to secure purchase money, and, although not filed as required by the laws of the state prior to the filing of the petition in bankruptcy, having been duly filed prior to the appointment of an assignee, and when there were no judgments against the bankrupt, is sufficient to give them a lien upon the mortgaged property, which must be recognized by this court in disposing of the proceeds of the mortgaged property. Such right will therefore entitle the petitioner to be paid any sum justly due upon the mortgage out of any proceeds realized by the assignee from the sale of the mortgaged property.

[NOTE. From the order made in accordance with this opinion the assignee in bankruptcy, on behalf of Warner & Co., creditors, appealed to the circuit court, where the order was affirmed. Case No. 3,007.
[See, also, Case No. 3,005, for proceedings on the sale and resale of the mortgaged property.]